## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

_____Civ._____

**FEDERAL TRADE COMMISSION,**

     Plaintiff,

v.

**PAIRSYS, INC,**
a New York Corporation,

**TIYA BHATTACHARYA,**
individually and as an officer of Pairsys, Inc.,

and

**UTTAM SAHA,**
individually and as an officer of Pairsys, Inc.,

     Defendants.

*1:14-cv-1192 TJM / CFH*

U.S. DISTRICT COURT
**N.D. OF N.Y.**
**FILED**

SEP 3 0 2014

LAWRENCE K. BAERMAN, CLERK
ALBANY

---

### (Proposed) TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Plaintiff, the Federal Trade Commission ("FTC" or the "Commission"), pursuant to

Section 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and

57b, has filed a Complaint for Injunctive and Other Equitable Relief, and has moved *ex parte* for

a temporary restraining order and for an order to show cause why a preliminary injunction

should not be granted pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

### FINDINGS

The Court has considered the pleadings, declarations, exhibits, and memoranda filed in

support of the Commission's application and makes the following findings of fact:

1.      This Court has jurisdiction of the subject matter of this case, and there is good cause to believe it will have jurisdiction over all parties.

2.      There is good cause to believe that venue lies properly in this Court.

3.      There is good cause to believe that Defendants Pairsys, Inc., Tiya Bhattacharya, and Uttam Saha ("Defendants") have engaged in and are likely to engage in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) and the Commission's Telemarketing Sales Rule ("TSR" or "Rule"), 16 C.F.R. Part 310.  Plaintiff Commission therefore is likely to prevail on the merits of this action.

4.      The evidence set forth in the Commission's Memorandum of Law in Support of *Ex Parte* Motion for a Temporary Restraining Order and Preliminary Injunction With Other Equitable Relief ("TRO Motion"), and the accompanying declarations and exhibits, demonstrates that the Commission has a fair and tenable chance of ultimate success on the merits on its claim that Defendants have engaged in deceptive acts or practices in violation of Section 5 of the FTC Act by making materially deceptive representations in connection with the marketing, selling, and distribution of computer security or technical support services.

5.      The evidence set forth also demonstrates that the Commission is likely to prevail on its claim that Defendants have engaged in acts or practices that have violated the TSR.

6.      There is good cause to believe that the Defendants will continue to engage in such unlawful actions if not immediately restrained from doing so by Order of this Court.  There is also good cause to believe that immediate and irreparable damage to this Court's ability to grant

effective final relief will result from the sale, transfer, or other disposition or concealment by the Defendants of their assets or business records, unless the Defendants are immediately restrained and enjoined by Order of this Court.

7.     There is good cause for the Court to order an asset freeze, immediate access to Defendants' business premises, appointment of a temporary receiver, suspension of websites, and disconnection of telephone services against the Defendants. Based on the evidence set forth in the TRO Motion, the Commission is likely to be able to prove that Defendants have generated revenue from activity that violates Section 5 of the FTC Act and the TSR, including misrepresenting to consumers that they are from, affiliated with, or calling on behalf of well-recognized computer companies or other well-recognized companies and that the consumers have security or performance issues on their computers, including viruses, spyware, or system errors, and failing to purchase the National Do Not Call Registry for any area codes into which Defendants are calling. An asset freeze as to the Defendants is necessary in order to preserve the possibility of complete and meaningful relief in the form of disgorgement and/or consumer redress at the conclusion of this litigation;

8.     The Commission has not provided notice to the Defendants due to the likelihood that advance notice of this action will cause the Defendants to abscond with or destroy discoverable evidence and conceal or dissipate assets. The Commission's request for this emergency *ex parte* relief is not the result of any lack of diligence on the Commission's part, but instead is based upon the nature of the Defendants' unlawful conduct. Accordingly, there is good cause for relieving the Commission of the duty to provide the Defendants with prior notice of the

Commission's application;

9.      Weighing the equities and considering the Commission's likelihood of ultimate success, a temporary restraining order requiring an immediate freeze as to all of the Defendants' assets and an accounting of assets, preserving business records, and providing other equitable relief is in the public interest; and

10.     Fed. R. Civ. P. 65(c) does not require security of the United States or an officer or agency thereof for the issuance of a restraining order.

## DEFINITIONS

For the purpose of this order, the following definitions shall apply:

1.      **"Assets"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property of any Corporate Defendant or Individual Defendant or held for the benefit of any Corporate Defendant or Individual Defendant wherever located, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, premises, contracts, mail or other deliveries, shares of stock, list of customer names, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), funds, cash, and trusts, including, but not limited to, any other trust held for the benefit of any Corporate Defendant or Individual Defendant, any Individual Defendant's minor children, or any Individual Defendant's spouse.

2.      **"Corporate Defendant"** or **"Receivership Defendant"** means Pairsys, Inc., and its successors, assigns, affiliates, or subsidiaries.

3.     **"Defendant" or "Defendants"** means, individually, collectively or in any combination: (a) Corporate Defendant; and (b) each Individual Defendant;

4.     **"Document" or "Documents"** is synonymous in meaning and equal in scope to the usage of the term in the Federal Rules of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence, including e-mail and instant messages, photographs, audio and video recordings, computer records, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

5.     **"Individual Defendants"** means Tiya Bhattacharya and Uttam Saha, and by whatever names they are known.

6.     A **"Host"** or **"Hosting Company"** is the party that provides the infrastructure for a computer service. With respect to web pages and web sites, a Host or Hosting Company maintains "Internet servers" – the computers on which web sites, web pages, Internet files, or resources reside. The Host or Hosting Company also maintains the

communication lines required to link the server to the Internet.  Often, the content on the servers (*i.e.,* content of the web pages) is controlled by someone other than the Host or Hosting Company.

7.  **"Plaintiff"** means the Federal Trade Commission.

8.  **"Representative"** or **"Representatives"** means any person or persons insofar as they are acting in the capacity of an officer, agent, servant, employee, or attorney of Corporate Defendant or any Individual Defendant; and all persons or entities in active concert or participation with any of the foregoing who receive notice of this Order by personal service or otherwise.  (Fed. R. Civ. P. 65(d)).

8.  **"Telemarketing"** means any plan, program or campaign (whether or not covered by the TSR, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services by means of the use of one or more telephones.

9.  The terms **"and"** and **"or"** shall be construed conjunctively or disjunctively as necessary, and to make the applicable phrase or sentence inclusive rather than exclusive.

## PROHIBITED BUSINESS ACTIVITIES

### I.

**IT IS THEREFORE ORDERED** that Defendants and their Representatives are temporarily restrained and enjoined from directly or indirectly misrepresenting, expressly or by implication, that: (1) they are from, affiliated with, or calling on behalf of any company other than Defendants' company; and (2) security or performance issues have been detected on a computer, including, but not limited to, claims that a computer contains viruses, spyware, or system errors.

## PROHIBITIONS AGAINST DECEPTIVE AND ABUSIVE TELEMARKETING PRACTICES

### II.

**IT IS FURTHER ORDERED** that, in connection with telemarketing, Defendants and their Representatives are hereby temporarily restrained and enjoined from directly or indirectly engaging in or causing or assisting other persons to engage in, violations of any provision of the TSR, including, but not limited to, the following:

   A.   Making a false or misleading statement to induce any person to pay for goods or services, in violation of Section 310.3(a)(4) of the TSR, 16 C.F.R. § 310.3(a)(4); and

B.      Initiating, or causing others to initiate, an outbound telephone call to a telephone

number within a given area code without first, either directly or through another

person, paying the required annual fee for access to the telephone numbers within

that area code that are included in the National Do Not Call Registry, in violation

of Section 310.8 of the TSR, 16 C.F.R. § 310.8.

## CUSTOMER LISTS

### III.

**IT IS FURTHER ORDERED** that the Defendants and their Representatives are hereby

temporarily restrained and enjoined from directly or indirectly selling, renting, leasing,

transferring, or otherwise disclosing the name, address, telephone number, social security

number, credit card number, debit card number, bank account number, e-mail address, or other

identifying information of any person who paid any money to any Defendant, at any time prior to

entry of this Order, in connection with the telemarketing, advertising, promoting, offering for

sale, and selling of computer services. *Provided, however*, that the Defendants may disclose such

identifying information to a law enforcement agency or as required by any law, regulation, or

court order. The Defendants are also hereby temporarily restrained and enjoined from making

any use of their own customer lists in any business, whether or not related to the present action.

## SUSPENSION OF WEB SITES

### IV.

**IT IS FURTHER ORDERED** that any party hosting any webpage or website for any

Defendant and any domain registrar who has provided or is providing domain name registration

services on any Defendant's behalf are hereby temporarily restrained and enjoined from failing to:

    A.    Immediately take whatever steps may be necessary to ensure that any webpage or website operated, in whole or in part, in connection with the Defendants' provision of computer repair services cannot be accessed by the public; and

    B.    Prevent the destruction or erasure of any webpage or website operated, in whole or in part, on any Defendant's behalf, preserving such documents in the format in which they are currently maintained, and prevent the destruction or erasure of all records relating to the Defendants.

## DISCONNECTION OF TELEPHONE NUMBERS

### V.

**IT IS FURTHER ORDERED** that any telephone service provider for Corporate Defendant, including, but not limited to, Voice Over Internet Protocol and telecommunications service providers and toll-free forwarding services, who has provided or is providing telephone services on any Defendant's behalf are hereby temporarily restrained and enjoined from failing to immediately take whatever steps may be necessary to ensure that any telephone or fax number operated, in whole or in part, in connection with the Defendants' provision of computer repair services, is disconnected from service.

## ASSET FREEZE

### VI.

**IT IS FURTHER ORDERED** that the Defendants and their Representatives are hereby

temporarily restrained and enjoined from:

A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, consumer lists, shares of stock, or other assets, or any interest therein, wherever located, that are: (1) owned or controlled by the Defendants, in whole or in part, for the benefit of the Defendants; (2) in the actual or constructive possession of the Defendants; or (3) owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant, including, but not limited to, any assets held by or for, or subject to access by, any of the Defendants, at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metals dealer, or other financial institution or depository of any kind;

B.    Opening or causing to be opened any safe deposit boxes titled in the name of any Defendant, or subject to access by any of them;

C.    Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any Defendant;

D.    Obtaining a personal or secured loan titled in the name of any Defendant, or subject to access by any of them; and

E.    Incurring liens or other encumbrances on real property, personal property, or
      other assets in the name, singly or jointly, of any Defendant.

*Provided, however,* that the assets affected by this Section shall include:  (1) all of the
assets of any Corporate Defendant or Individual Defendant existing as of the date this Order was
entered; and (2) for assets obtained after the date this Order was entered, only those assets of any
Corporate Defendant or Individual Defendant that are derived from conduct prohibited in
Sections I and II.

## FINANCIAL REPORTS AND ACCOUNTING

## VII.

**IT IS FURTHER ORDERED** that each Individual Defendant and the Corporate
Defendant, within five (5) days of receiving notice of this Order, shall provide the Commission
with completed financial statements, verified under oath and accurate as of the date of entry of
this Order, on the forms attached to this Order as **Attachment A** for the Corporate Defendant
and **Attachment B** for each Individual Defendant.  Defendants shall include in the financial
statements a full accounting of all funds and assets, whether located inside or outside of the
United States, that are:  (a) titled in the name of any Defendant, jointly, severally, or
individually; (b) held by any person or entity for the benefit of any Defendant; or (c) under the
direct or indirect control of any Defendant.

## RETENTION OF ASSETS AND RECORDS
## BY FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES

## VIII.

**IT IS FURTHER ORDERED** that any financial or brokerage institution or depository, escrow agent, title company, commodity trading company, trust, entity, or person that holds, controls, or maintains custody of any account or asset owned or controlled, directly or indirectly, by any Defendant(s), or has held, controlled, or maintained any account or asset of, or on behalf of, any Defendant(s), upon service with a copy of this Order, shall:

A. Hold and retain within its control and prohibit Defendants from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, gifting, or otherwise disposing of any accounts, assets, funds, or other property that are owned by, held in the name of, for the benefit of, or otherwise controlled by, directly or indirectly, any Defendant(s), in whole or in part, except as directed by further order of the Court or as directed in writing by the Temporary Receiver regarding accounts, documents, or assets owned by, held in the name of, for the benefit of, or otherwise controlled by, any Receivership Defendant;

B. Deny the Defendants access to any safe deposit box titled in the name of any Defendant(s), individually or jointly, or subject to access by any Defendant(s), whether directly or indirectly; and

C. Provide counsel for Plaintiff and the Temporary Receiver, within three (3) business days after being served with a copy of this Order, a sworn statement setting forth:

    1. the identification number of each such account or asset titled (1) in the

name, individually or jointly, of any Defendant(s); (2) held on behalf of, or for the benefit of, any Defendant(s); (3) owned or controlled by any Defendant(s); or (4) otherwise subject to access by any Defendant(s), directly or indirectly;

2. the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served;

3. the identification of any safe deposit box that is either titled in the name of any Defendant(s), or is otherwise subject to access by any Defendant(s); and

4. if an account, safe deposit box, or other asset has been closed or removed, the date closed or removed, the balance on such date, and the manner in which such account or asset was closed or removed.

D. Provide counsel for Plaintiff and the Temporary Receiver, within three (3) business days after being served with a request, copies of all documents pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; provided that such institution or custodian may charge a reasonable fee.

**FOREIGN ASSET REPATRIATION**

Page 13 of 35

## IX.

**IT IS FURTHER ORDERED** that within five (5) business days of receiving notice of this Order, the Corporate Defendant and each Individual Defendant shall:

A.    Provide the Commission with a full accounting, verified under oath and accurate as

of the date of this Order, of all funds, documents, and assets outside of the United States which are:  (1) titled in the name, individually or jointly, of any Corporate Defendant or Individual Defendant; or (2) held by any person or entity for the benefit of any Corporate Defendant or Individual Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Corporate Defendant or Individual Defendant;

B.    Transfer to the territory of the United States all funds, documents, and assets located in foreign countries which are (1) titled in the name individually or jointly f any Corporate Defendant or Individual Defendant; or (2) held by any person or entity, for the benefit of any Corporate Defendant or Individual Defendant; or (3) under any Corporate Defendant's or Individual Defendant's direct or indirect control, whether jointly or singly;

*Provided, however,* any Defendant who currently does not hold an account at a financial institution located in the United States shall repatriate all assets and funds to this Court's Registry.

C.    Provide the Commission access to all records of accounts or assets of each

Corporate Defendant and Individual Defendant held by financial institutions

located outside the territorial United States by signing the Consent to Release of

Financial Records attached to this Order as **Attachment C**.

## INTERFERENCE WITH REPATRIATION

## X.

**IT IS FURTHER ORDERED** that the Defendants are hereby temporarily restrained and

enjoined from taking any action, directly or indirectly, which may result in the encumbrance or

dissipation of foreign assets, or in the hindrance of the repatriation required by Section IX of this

Order, including, but not limited to:

A.   Sending any statement, letter, fax, e-mail or wire transmission, telephoning or
engaging in any other act, directly or indirectly, that results in a determination by
a foreign trustee or other entity that a "duress" event has occurred under the terms
of a foreign trust agreement, until such time that all assets have been fully
repatriated pursuant to Section IX of this Order;

B.   Notifying any trustee, protector or other agent of any foreign trust or other related
entities of either the existence of this Order, or of the fact that repatriation is
required pursuant to a Court Order, until such time that all assets have been fully
repatriated pursuant to Section IX of this Order.

## APPOINTMENT OF TEMPORARY RECEIVER

## XI.

**IT IS FURTHER ORDERED** that _____ is appointed
Temporary Receiver for the business activities of the Receivership Defendant with the full power
of an equity receiver.  The Temporary Receiver shall be the agent of this Court and solely the
agent of this Court in acting as Temporary Receiver under this Order.  The Temporary Receiver
shall be accountable directly to this Court.  The Temporary Receiver shall comply with any laws
and Local Rules of this Court governing receivers.

## DUTIES AND AUTHORITY OF TEMPORARY RECEIVER

### XII.

I.      **IT IS FURTHER ORDERED** that the Temporary Receiver is directed and authorized to
accomplish the following:

      A.    Assume full control of the Receivership Defendant by removing, as the
Temporary Receiver deems necessary or advisable, any director, officer,
independent contractor, employee, or agent of any of the Receivership Defendant,
including any named Defendant, from control of, management of, or participation
in, the affairs of the Receivership Defendant;

      B.    Take exclusive custody, control, and possession of all assets, documents, and
electronically stored information of, or in the possession, custody, or under the
control of, the Receivership Defendant, wherever situated.  The Temporary
Receiver shall have full power to divert mail and to sue for, collect, receive, take
in possession, hold, and manage all assets and documents of the Receivership
Defendant and other persons or entities whose interests are now held by or under

Page 16 of 35

the direction, possession, custody, or control of the Receivership Defendant. *Provided, however,* that the Temporary Receiver shall not attempt to collect or receive any amount from a consumer if the Receiver believes the consumer was a victim of the unlawful conduct alleged in the complaint in this matter;

C.  Take all steps necessary to secure the business premises of the Receivership Defendant.  Such steps may include, but are not limited to, the following, as the Temporary Receiver deems necessary or advisable:

1.  serving this Order;

2.  completing a written inventory of all Receivership assets;

3.  obtaining pertinent information from all employees and other agents of the Receivership Defendant, including, but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent, and all computer hardware and software passwords;

4.  videotaping and photographing all portions of the location;

5.  securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location;

6.  requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Temporary Receiver with proof of identification, and to demonstrate to the satisfaction of the

Temporary Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendant; and

7. requiring all employees, independent contractors, and consultants of the Receivership Defendant to complete a questionnaire submitted by the Temporary Receiver;

D. Conserve, hold, and manage all Receivership assets, and perform all acts necessary or advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Receivership Defendant, including, but not limited to, obtaining an accounting of the assets and preventing transfer, withdrawal, or misapplication of assets;

E. Liquidate any and all assets owned by or for the benefit of the Receivership Defendant that the Temporary Receiver deems to be advisable or necessary;

F. Enter into or break contracts and purchase insurance as the Temporary Receiver deems to be advisable or necessary;

G. Prevent the inequitable distribution of assets and determine, adjust, and protect the interests of consumers who have transacted business with the Receivership Defendant;

H. Manage and administer the business of the Receivership Defendant until further order of this Court by performing all incidental acts that the Temporary Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

I.     Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists as the Temporary Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

J.     Make payments and disbursements from the Receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order.  The Temporary Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendant prior to the date of entry of this Order, except payments that the Temporary Receiver deems necessary or advisable to secure assets of the Receivership Defendant, such as rental payments;

K.     Determine and implement the manner in which the Receivership Defendant will comply with, and prevent violations of, this Order and all other applicable laws, including, but not limited to, revising sales materials and implementing monitoring procedures;

L.     Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Temporary Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendant, or that the Temporary Receiver deems necessary and advisable to carry out the Temporary Receiver's mandate under this Order;

M.     Defend, compromise, adjust, or otherwise dispose of any or all actions or

proceedings instituted in the past or in the future against the Temporary Receiver in his role as Temporary Receiver, or against the Receivership Defendant, that the Temporary Receiver deems necessary and advisable to preserve the assets of the Receivership Defendant or that the Temporary Receiver deems necessary and advisable to carry out the Temporary Receiver's mandate under this Order;

N.    Continue and conduct the business of the Receivership Defendant in such manner, to such extent, and for such duration as the Temporary Receiver may in good faith deem to be necessary or appropriate to operate the business profitably and lawfully, if at all; *provided, however,* that the continuation and conduct of the business, if done at all, shall be conditioned upon the Temporary Receiver's good faith determination that the business can be lawfully operated at a profit using the assets of the receivership estate;

O.    Take depositions and issue subpoenas to obtain documents and records pertaining to the receivership estate and compliance with this Order. Subpoenas may be served by agents or attorneys of the Temporary Receiver and by agents of any process server retained by the Temporary Receiver;

P.    Open one or more bank accounts in the Northern District of New York as designated depositories for funds of the Receivership Defendant. The Temporary Receiver shall deposit all funds of the Receivership Defendant in such a designated account and shall make all payments and disbursements from the receivership estate from such account(s);

Q.     Maintain accurate records of all receipts and expenditures that the Temporary

       Receiver makes as Temporary Receiver; and

R.     Cooperate with reasonable requests for information or assistance from any state or

       federal law enforcement agency.

**TEMPORARY RECEIVER AND FTC IMMEDIATE ACCESS TO
BUSINESS PREMISES AND RECORDS**

**XIII.**

**IT IS FURTHER ORDERED** that:

A.     Defendants and their officers, agents, servants, employees, and attorneys, and

       those persons or entities in active concert or participation with any of them who

       receive actual notice of this Order by personal service or otherwise, whether

       acting directly or indirectly, shall:

       1.     Immediately identify to FTC's counsel and the Temporary Receiver:

              a.     All of Receivership Defendant's premises, whether residential or

                     non-residential, including all locations from which Receivership

                     Defendant conducts business, maintain sales operations, or

                     maintain customer service operations;

              b.     All locations of documents or electronically stored information

                     related to Receivership Defendant, including, but not limited to,

                     the name and location of any electronic data hosts; and

              c.     All locations where assets belonging to Receivership Defendant

Page 21 of 35

are stored or maintained;

2.    Allow the FTC and the Temporary Receiver, and their respective

representatives, immediate access to:

  a.    All of the Defendants' business premises, including, but not

limited to, those located at 1621 Central Avenue, Albany, New

York 12205 and (viii) such other business locations that are wholly

or partially owned, rented, leased, or under the temporary or

permanent control of any Defendant;

  b.    Any other non-residence premises where the Defendants conduct

business, collections operations, or customer service operations;

  c.    Any non-residence premises where documents related to the

Defendants' businesses are stored or maintained;

  d.    Any non-residence premises where assets belonging to any

Defendant are stored or maintained; and

  e.    Any documents located at any of the locations described in this

Section; and

3.    Provide the FTC and the Temporary Receiver, and their respective

representatives, with any necessary means of access to, copying of, and

forensic imaging of documents or electronically stored information,

including, without limitation, the locations of Receivership Defendant's

business premises, keys and combinations to business premises locks,

computer access codes of all computers used to conduct Receivership

Defendant's business, access to (including, but not limited to, execution of

any documents necessary for access to and forensic imaging of) any data

stored, hosted or otherwise maintained by an electronic data host, and

storage area access information.

B.   The FTC and the Temporary Receiver are authorized to employ the assistance of

law enforcement officers to help effect service, to implement peacefully the

provisions of this Order, and to keep the peace.  The Temporary Receiver shall

allow the FTC and its representatives, into the premises and facilities described in

this Section to inspect, inventory, image, and copy documents or electronically

stored information relevant to any matter contained in this Order.  Counsel for the

FTC and the Temporary Receiver may exclude Defendants and their agents and

employees from the business premises and facilities during the immediate access.

No one shall interfere with the FTC's or Temporary Receiver's inspection of the

Defendants' premises or documents.

C.   The FTC and the Temporary Receiver shall have the right to remove any

documents related to Defendants' business practices from the premises in order

that they may be inspected, inventoried, and copied.  The materials so removed

shall be returned within five (5) business days of completing said inventory and

copying.

D.  If any property, records, documents, or computer files relating to the Receivership Defendant's finances or business practices are located in the residence of any Individual Defendant or are otherwise in the custody or control of an Individual Defendant, then such Defendant shall produce them to the Temporary Receiver within twenty-four (24) hours of service of this Order.

E.  The FTC's and the Temporary Receiver's representatives may also photograph or videotape the inside and outside of all premises to which they are permitted access by this Order, and all documents and other items found on such premises.

F.  For documents located at any business premises outside of the United States and for documents located in a personal residence of an Individual Defendant, Defendants shall within seventy-two (72) hours of receiving notice of this Order, produce to the Commission and the Commission's representatives, agents, and assistants for inspection, inventory, and/or copying, at the offices of the FTC, located at 225 Peachtree Street, Suite 1500, Atlanta, Georgia 30303, the following materials: (1) all customer information, including, but not limited to, names, phone numbers, addresses, email addresses, customer complaints, and payment information for all consumers who have purchased Defendants' computer security or technical support services; (2) contracts; (3) correspondence, including, but not limited to, electronic correspondence and Instant Messenger communications, that refer or relate to the Defendants' computer security or technical support services; (4) an electronic copy of all advertisements for the Defendants' computer security

or technical support services; and (5) accounting information, including, but not limited to, profit and loss statements, annual reports, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, and 1099 forms.  The Commission shall return produced materials pursuant to this Paragraph within five (5) business days of completing said inventory and copying.

## DEFENDANTS' ACCESS TO PREMISES AND RECORDS

### XIV.

**IT IS FURTHER ORDERED** that the Temporary Receiver shall allow the Defendants and their representatives reasonable access to the premises of the Receivership Defendant. The purpose of this access shall be to inspect, inventory, and copy any and all documents and other property owned by or in the possession of the Receivership Defendant, provided that those documents and property are not removed from the premises. The Temporary Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

## COOPERATION WITH TEMPORARY RECEIVER

### XV.

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or indirectly, shall fully cooperate with and assist the Temporary Receiver.  Defendants' cooperation and assistance shall include, but not be limited to:

A.      Providing any information to the Temporary Receiver that the Temporary

Receiver deems necessary to exercising the authority and discharging the responsibilities of the Temporary Receiver under this Order, including, but not limited to, allowing the Temporary Receiver to inspect documents and assets and to partition office space;

B.   Providing any username or password and executing any documents required to access any computer or electronic files in any medium, including, but not limited to, electronically stored information stored, hosted or otherwise maintained by an electronic data host;

C.   Advising all persons who owe money to the Receivership Defendant that all debts should be paid directly to the Temporary Receiver;

D.   Refraining from advising any person who owes money to the Receivership Defendant to pay the debt to anyone other than to the Temporary Receiver; and

E.   Refraining from transacting any of the business of the Receivership Defendant except under the direction of the Temporary Receiver.

## DELIVERY OF RECEIVERSHIP PROPERTY

## XVI.

**IT IS FURTHER ORDERED** that:

A.   Immediately upon service of this Order upon them or upon their otherwise obtaining actual notice of this Order, or within a period permitted by the Temporary Receiver, Defendants or any other person or entity, including, but not limited to, financial institutions and electronic data hosts, shall transfer or deliver

access to, possession, custody, and control of the following to the Temporary

Receiver:

1. All assets of the Receivership Defendant;

2. All documents and electronically stored information of the Receivership

   Defendant, including, but not limited to, books and records of accounts, all

   financial and accounting records, balance sheets, income statements, bank

   records (including monthly statements, canceled checks, records of wire

   transfers, records of ACH transactions, and check registers), client or

   customer lists, title documents and other papers;

3. All assets belonging to members of the public now held by the

   Receivership Defendant;

4. All keys, computer and other passwords, entry codes, combinations to

   locks required to open or gain or secure access to any assets or documents

   of the Receivership Defendant, wherever located, including, but not

   limited to, access to their business premises, means of communication,

   accounts, computer systems, or other property; and

5. Information identifying the accounts, employees, properties, or other

   assets or obligations of the Receivership Defendant.

B.    In the event any person or entity fails to deliver or transfer immediately any asset

or otherwise fails to comply with any provision of this Section, the Temporary

Receiver may file *ex parte* with the Court an Affidavit of Non-Compliance

regarding the failure.  Upon filing of the affidavit, the Court may authorize,

without additional process or demand, Writs of Possession or Sequestration or

other equitable writs requested by the Temporary Receiver.  The writs shall

authorize and direct the United States Marshal or any sheriff or deputy sheriff of

any county (pursuant to FED. R. CIV. P. 4(c)(1)) to seize the asset, document, or

other thing and to deliver it to the Temporary Receiver.

## COMPENSATION FOR TEMPORARY RECEIVER

## XVII.

**IT IS FURTHER ORDERED** that the Temporary Receiver and all personnel hired by

the Temporary Receiver as herein authorized, including counsel to the Temporary Receiver and

accountants, are entitled to reasonable compensation for the performance of duties pursuant to

this Order, and for the cost of actual out-of-pocket expenses incurred by them, from the assets

now held by or in the possession or control of, or which may be received by, the Receivership

Defendant.  The Temporary Receiver shall file with the Court and serve on the parties periodic

requests for the payment of such reasonable compensation, with the first such request filed no

more than sixty (60) days after the date of this Order.  The Temporary Receiver shall not

increase the hourly rates used as the bases for such fee applications without prior approval of the

Court.

## TEMPORARY RECEIVER'S REPORTS

## XVIII.

**IT IS FURTHER ORDERED** that the Temporary Receiver shall report to this Court on

Page 28 of 35

or before the date set for the hearing to Show Cause regarding the Preliminary Injunction, regarding: (1) the steps taken by the Temporary Receiver to implement the terms of this Order; (2) the value of all liquidated and unliquidated assets of the Receivership Defendant; (3) the sum of all liabilities of the Receivership Defendant; (4) the steps the Temporary Receiver intends to take in the future to: (a) prevent any diminution in the value of assets of the Receivership Defendant, (b) pursue receivership assets from third parties, and (c) adjust the liabilities of the Receivership Defendant, if appropriate; (5) whether the business of the Receivership Defendant can be operated lawfully and profitably; and (6) any other matters which the Temporary Receiver believes should be brought to the Court's attention.

## TEMPORARY RECEIVER'S BOND

## XIX.

**IT IS FURTHER ORDERED** that the Temporary Receiver shall file with the Clerk of this Court a bond in the sum of $_____ with sureties to be approved by the Court, conditioned that the Temporary Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

## STAY OF ACTIONS

## XX.

**IT IS FURTHER ORDERED** that:

A.      Except by leave of this Court, during pendency of the Receivership ordered
        herein, Defendants and all other persons and entities be and hereby are stayed
        from taking any action to establish or enforce any claim, right, or interest for,

against, on behalf of, in, or in the name of, the Receivership Defendant, any of its

subsidiaries, affiliates, partnerships, assets, documents, or the Temporary

Receiver or the Temporary Receiver's duly authorized agents acting in their

capacities as such, including, but not limited to, the following actions:

1.  Commencing, prosecuting, continuing, entering, or enforcing any suit or

    proceeding, except that such actions may be filed to toll any applicable

    statute of limitations;

2.  Accelerating the due date of any obligation or claimed obligation; filing or

    enforcing any lien; taking or attempting to take possession, custody, or

    control of any asset; attempting to foreclose, forfeit, alter, or terminate any

    interest in any asset, whether such acts are part of a judicial proceeding,

    are acts of self-help, or otherwise;

3.  Executing, issuing, serving, or causing the execution, issuance or service

    of, any legal process, including, but not limited to, attachments,

    garnishments, subpoenas, writs of replevin, writs of execution, or any

    other form of process whether specified in this Order or not; or

4.  Doing any act or thing whatsoever to interfere with the Temporary

    Receiver taking custody, control, possession, or management of the assets

    or documents subject to this Receivership, or to harass or interfere with

    the Temporary Receiver in any way, or to interfere in any manner with the

exclusive jurisdiction of this Court over the assets or documents of the
Receivership Defendant;

B.    This Section does not stay:

    1.    The commencement or continuation of a criminal action or proceeding;

    2.    The commencement or continuation of an action or proceeding by a
governmental unit to enforce such governmental unit's police or
regulatory power;

    3.    The enforcement of a judgment, other than a money judgment, obtained in
an action or proceeding by a governmental unit to enforce such
governmental unit's police or regulatory power; or

    4.    The issuance to a Receivership Defendant of a notice of tax deficiency;
and

C.    Except as otherwise provided in this Order, all persons and entities in need of
documentation from the Temporary Receiver shall in all instances first attempt to
secure such information by submitting a written request to the Temporary
Receiver, and, if such request has not been responded to within thirty (30) days of
receipt by the Temporary Receiver, any such person or entity may thereafter seek
an Order of this Court with regard to the relief requested.

## PRESERVATION OF RECORDS

### XXI.

**IT IS FURTHER ORDERED** that the Defendants are hereby temporarily restrained and

enjoined from destroying, erasing, mutilating, concealing, altering, transferring, writing over, or

otherwise disposing of, in any manner, directly or indirectly, any documents or records of any

kind that relate to the business practices or business or personal finances of any Defendant,

including, but not limited to, computerized files and storage media on which information has

been saved (including, but not limited to, floppy disks, hard drives, CD-ROMS, zip disks, punch

cards, magnetic tape, backup tapes, and computer chips), and any and all equipment needed to

read any such material, contracts, accounting data, correspondence, advertisements (including,

but not limited to, advertisements placed on the World Wide Web or the Internet), FTP logs,

Service Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or

printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers,

personal and business canceled checks and check registers, bank statements, appointment books,

copies of federal, state or local business or personal income or property tax returns, and other

documents or records of any kind that relate to the business practices or business or personal

finances of any Corporate Defendant or Individual Defendant.

### DISTRIBUTION OF ORDER BY DEFENDANTS

### XXII.

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this

Order to each affiliate, subsidiary, hosting company, division, sales entity, successor, assign,

officer, director, employee, independent contractor, client company, agent, attorney, and spouse

of each Defendant, and shall, within ten (10) days from the date of entry of this Order, provide

the Commission with a sworn statement that Defendants have complied with this provision of the

Order, which statement shall include the names, physical addresses, and e-mail addresses of each

such person or entity who received a copy of the Order.

## SERVICE OF ORDER

### XXIII.

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means,

including facsimile transmission, upon any financial institution or other entity or person that may

have possession, custody, or control of any documents of any Defendant, or that may otherwise

be subject to any provision of this Order.  Service upon any branch or office of any financial

institution shall effect service upon the entire financial institution.

## CONSUMER CREDIT REPORTS

### XXIV.

**IT IS FURTHER ORDERED** that, pursuant to Section 604(1) of the Fair Credit

Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer

report concerning the Corporate Defendant and each Individual Defendant to the Commission.

## DURATION OF TEMPORARY RESTRAINING ORDER

### XXV.

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein

shall expire on _____, 2014 at _____ m., unless within such time, the Order, for

good cause shown, is extended for an additional period not to exceed fourteen (14) days, or

unless it is further extended pursuant to Federal Rule of Civil Procedure 65.

## ORDER TO SHOW CAUSE REGARDING
## PRELIMINARY INJUNCTION

### XXVI.

**IT IS FURTHER ORDERED**, pursuant to Federal Rule of Civil Procedure 65(b), that

each Defendant shall appear before this Court on the _____ day of _____, 2014, at

_____ o'clock ____.m., to show cause, if there is any, why this Court should not enter a

Preliminary Injunction, pending final ruling on the Complaint against the Defendants, enjoining

them from further violations of law alleged in Plaintiff's Complaint, continuing the freeze of

their assets, and imposing such additional relief as may be appropriate.

### SERVICE OF PLEADINGS, MEMORANDA, AND OTHER EVIDENCE

### XXVII.

**IT IS FURTHER ORDERED** that Defendants shall file with the Court and serve on the

Commission's counsel any answering affidavits, pleadings, motions, expert reports or

declarations, and/or legal memoranda no later than four (4) business days prior to the hearing on

the Commission's request for a preliminary injunction.

The Commission may file responsive or supplemental pleadings, materials, affidavits, or

memoranda with the Court and serve the same on counsel for Defendants no later than one (1)

business day prior to the preliminary injunction hearing in this matter.

*Provided* that service shall be performed by personal or overnight delivery, facsimile or

electronic mail, and documents shall be delivered so that they shall be received by the other parties no later than 4:00 p.m. (Eastern Daylight Time) on the appropriate dates listed in this Section.

## SERVICE UPON THE COMMISSION

## XXVIII.

**IT IS FURTHER ORDERED** that, with regard to any correspondence or pleadings related to this Order, service on the Commission shall be performed by overnight mail delivery to the attention of Gideon E. Sinasohn at the Federal Trade Commission, 225 Peachtree Street, Suite 1500, Atlanta, Georgia 30303.

## RETENTION OF JURISDICTION

## XXIX.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.  No security is required of any agency of the United States for the issuance of a restraining order.  Fed. R. Civ. P. 65(c).

**SO ORDERED,** this _____ day of _____, 2014, at _____.m.

_____

UNITED STATES DISTRICT JUDGE