UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,

                         Plaintiff,

v.

PAIRSYS, INC., a New York Corporation; TIYA
BHATTACHARYA, individually and as an officer of
Pairsys, Inc.; and, UTTAM SAHA, individually and
As an officer of Pairsys, Inc.

                         Defendants.

Index No. 1:14 CV-1192
TJM/CFH

## SECOND REPORT OF RECEIVER AND
## FIRST INTERIM MOTION OF RECEIVER
## FOR PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Receiver Justin A. Heller, Esq. (the "Receiver"), through his attorneys, Nolan & Heller, LLP, as and for his Second Report of Receiver and First Interim Motion for Payment of Compensation and Reimbursement of Expenses, respectfully reports as follows:

1. This Action was commenced by the Federal Trade Commission (the "FTC") on September 30, 2014. [Dkt. No. 2].

2. On September 30, 2014, the FTC obtained the Temporary Restraining Order (the "TRO"), which, *inter alia*, restrained the assets of all Defendants, appointed Justin A. Heller, Esq. temporary receiver of the Corporate Defendant, Pairsys, Inc., and granted the Receiver broad powers and authority in the performance of his duties, all as more particularly detailed in the TRO. The Receiver engaged his law firm, Nolan & Heller, LLP, as his attorneys in connection with the performance of his duties and responsibilities under the TRO.

2

3. Thereafter, the parties entered into a Stipulated Preliminary Injunction, entered on October 9, 2014 [Dkt. No. 15], which made the Receiver the permanent Receiver until further Court Order.

## STATUS REPORT

4. The Receiver filed a Preliminary Report on October 7, 2014. This Report is intended to cover the period from the date of the Preliminary Report through the date hereof.

5. The Receiver's primary goal during this reporting period has been to obtain possession of receivership assets. The Receiver has obtained turnover of the following funds:

| FINANCIAL INSTITUTION | ACCOUNT TYPE | AMOUNT |
| --- | --- | --- |
| First Niagara Bank | Depository Accounts | $ 61,539.29 |
| SEFCU | Depository Accounts | $ 494.82 |
| Applied Merchant Systems | Merchant Accounts | $ 28,545.57 |
| Electronic Merchant Systems | Merchant Accounts | $ 36,089.51 |
| **TOTAL** | | **$126,669.19** |

6. The foregoing funds have been deposited and are held in a bank account maintained by the Receiver at TD Bank, N.A.

7. The Receiver has identified additional funds in the possession of merchant account processors Global Payments Direct ($18,578.94) and CP-Tops, LLC ($21,005.74). The parties have taken the position that the funds in their possession are subject to reserves for customer chargebacks, and are not subject to turnover to the Receiver. The Receiver is reviewing the positions of these parties, and will take such further action concerning turnover of these fudns as is appropriate.

8. The Receiver has also received turnover of funds totaling $85,855.18, representing funds in the Bank of America accounts of Expinfo, Inc., pursuant to Section VI of Stipulated Preliminary Injunction. These funds are being held by the Receiver in an account maintained by the Receiver at TD Bank, N.A., until further order of the Court.

9. Additional steps being taken and to be taken by the Receiver are (i) to examine bank records of Pairsys, Inc., the individual Defendants, and related companies, including Infoeweb, Inc. and Expinfo, Inc., to determine the extent, if any, of commingling of funds and any benefit to the individuals and other companies from Pairsys, Inc.'s business operations; (ii) to complete his review of the positions taken by merchant account processors who have refused to turnover funds on account of Pairsys, Inc., and (iii) to examine the business dealings, if any, between Pairsys, Inc. and the individual Defendants' other businesses to determine whether there are claims which could be brought against or relating to those companies.

### MOTION FOR PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

10. The Receiver is to be compensated at the rate of $225 per hour and the Receiver's attorneys are to be compensated at the hourly rate of $275 for senior partners, $250 for partners and $225 for associates. [Dkt No. 3-2]. The Receiver is a senior partner of Nolan & Heller LLP; however, all of the Receiver's time included in this request for compensation has been billed at the lower, Receiver's rate. The other attorneys with time included in this request are both associate attorneys with the firm. Accordingly, the only billing rate applicable to this request if $225 per hour.

11. No compensation or expense reimbursement has previously been awarded to the Receiver or his attorneys in this case.

4

12. In this application, the Receiver and Nolan & Heller, LLP are requesting payment of fees in the amount of $30,127.50 and reimbursement in the amount of $716.07.

13. It is respectfully submitted that the requirement of Local Rule 55.4 for a statement that there has been no fee splitting between the attorneys and the Receiver is inapplicable in this case, as the Receiver is a partner in Nolan & Heller, LLP.

14. An itemized statement of the services rendered by the Receiver and Nolan & Heller, LLP, and detailing the particular attorney rendering each service, the time spent rendering each item of service and the fee incurred for such service is annexed hereto as **Exhibit "A"**. On Exhibit "A", "JAH" refers to the Receiver, "BJC" refers to Brendan J. Carosi, Esq. (an associate attorney with Nolan & Heller, LLP) and Eric M. Leander, Esq. (an associate attorney with Nolan & Heller, LLP). The services performed by Nolan & Heller on behalf of the Debtor and the estate are summarized below:

  a. Took possession of, secured and inspected the Defendants' business premises;

  b. Reviewed the Defendants' paper and electric records, and public records, to understand Defendants' business structure and practices, locate assets, and identify other relevant facts and issues;

  c. Conducted extensive interviews of the Defendants;

  d. Investigated and analyzed relationships between Defendants and various affiliated business enterprises.

  e. Attended the hearing before the Court on the Plaintiff's motion for a preliminary injunction, and met with the parties afterword to negotiate the terms of the Stipulated Preliminary Injunction;

5

    f. Identified assets, and sought and obtained turnover of funds from various financial institutions;

    g. Reviewed possible claims for turnover of additional funds from merchant account processors;

    h. Traced transfers of funds into and out of Pairsys, Inc.'s bank accounts;

    i. Communicated with the FTC attorneys to share relevant information;

    j. Communicated with Defendants on a variety of matters.

15. In addition, Nolan & Heller, LLP has incurred out of pocket expenses to hire a locksmith to change to locks on the Defendants' business premises and in connection with obtaining the Receiver's Bond filed in this case. These expenses, totaling $716.07, are identified in Exhibit ""A".

16. Based on the foregoing, it is respectfully requested that the Court approve the payment of compensation to the Receiver and Nolan & Heller, LLP in the amount of $30,127.50, and expense reimbursement in the amount of $716.07.

Dated: Albany, New York
       December 1, 2014

                              NOLAN & HELLER, LLP

                              By: _____
                                  Justin A. Heller, Esq., Receiver
                                  NDNY Bar #103632
                                  39 North Pearl Street
                                  Albany, New York 12207
                                  (518) 449-3300

107578_1.doc